UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EVAN FIDELMAN,

                Plaintiff,

     -against-

COUNTY OF SUFFOLK, POLICE
OFFICER PERRY SMITH, III, POLICE
OFFICERS JOHN DOES 1-5, the names of
which are fictitious, individually,

                Defendants.
-------------------------------------------------------X

**ORDER**
13-CV-6448(SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ DEC 02 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On November 20, 2013, *pro se* plaintiff Evan Fidelman ("plaintiff")[1] commenced this action against the County of Suffolk, Police Officer Perry Smith, III, and five "John Doe" police officers (collectively, "defendants") pursuant to 28 U.S.C. § 1983 ("Section 1983"). Accompanying the complaint is an application to proceed *in forma pauperis*.

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is GRANTED. The Clerk of Court is directed to forward copies of the summonses, the complaint, the notice of hearing dated December 2, 2013 and this Order to the United States Marshal Service ("USMS") for service upon the defendants without prepayment of fees, and to mail a copy of this Order to the *pro se* plaintiff at his last known address.

However, the USMS will not be able to effect service of the summonses and the complaint on the unnamed defendants without more information. The Second Circuit has held

---

[1] Given plaintiff's *pro se* status, his claim for attorney's fees pursuant to 42 U.S.C. 1988(b) is dismissed. Kay v. Ehrler, 499 U.S. 432, 433, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991).

that district courts must provide *pro se* litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*). Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the "John Doe" Suffolk County police officers described in the complaint and to provide their names and address(es) where each such defendant can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, summonses shall be issued as to those defendants, and the USMS shall serve those defendants.

**SO ORDERED.**         s/ Sandra J. Feuerstein

_____

Sandra J. Feuerstein
United States District Judge

Dated: December 2, 2013
         Central Islip, New York